UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:CV-06-2304 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Correction Officer NORRIS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# O R D E R

Plaintiff, Ronald Pruden, an inmate at Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint under the provisions of 42 U.S.C. § 1983.  Plaintiff claims that Defendants assaulted him and confined him in restricted housing for an inordinate period, as retaliation for some unspecified act(s).

On March 2, 2007, Defendants filed a Motion to Dismiss pursuant to FED R. CIV. P. 12(b)(6), or in the alternative, for a More Definite Statement pursuant to FED. R. CIV. P. 12(e).  (Doc. 13).  A brief in support of the motion was timely filed.  Plaintiff filed no response, nor brief in opposition.  By Order dated June 21, 2007 (Doc. 23), this Court directed Plaintiff to file a brief in opposition to Defendant's motion to dismiss within fifteen (15) days of the date of the Order.  The Order of June 21, 2007 forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis, and the Court forewarned that the case would be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time in which to do so.  In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed.   However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning.  "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked."  *Id*.  Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 5) issued in this case on November 30, 2006, and the June 21, 2007 Order.  He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal.  Consequently, the Court will grant the Defendants' unopposed motion to dismiss without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; Fed. R. Civ. P. 41(b); *Stackhouse,* 951 F.2d at 30 (3d Cir. 1991).

**ACCORDINGLY, THIS 19th DAY OF OCTOBER, 2007, IT IS HEREBY ORDERED THAT:**

1.      Defendants' unopposed motion to dismiss (Doc. 13) is **GRANTED**.

2.      All other pending motions (Docs. 25, 30, 31) are **DENIED** as moot.

3.      The Clerk of Court shall close this case.

3.      Any appeal from this order will be deemed frivolous, without probable

cause and not taken in good faith.

                                          /s/ A. Richard Caputo
                                         A. RICHARD CAPUTO
                                         United States District Judge